**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernard ELLIS, Defendant–Appellant.**

**No. 11–2908.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 19, 2011.

Decided Jan. 13, 2012.

Emily Kathleen Kerkhof, Attorney, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Mark S. Lenyo, I, Attorney, South Bend, IN, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge.

**ORDER**

A jury convicted Bernard Ellis, the chief enforcer for a Chicago street gang, of five counts of aiding and abetting the making of a false statement intended to deceive a licensed gun dealer in violation of 18 U.S.C. §§ 2, 922(a)(6), and 924(a)(2), and four counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At sentencing the judge determined that Ellis qualified as an armed career criminal, which (in combination with other factors)

placed him in criminal-history category VI and resulted in an advisory guidelines range of 360 months to life. The judge imposed a total sentence of 480 months. Ellis appealed.

On appeal we reversed one of Ellis's felon-in-possession convictions on double-jeopardy grounds but affirmed the remaining convictions. *See United States v. Ellis*, 622 F.3d 784, 793–96 (7th Cir.2010). We also vacated Ellis's sentence after concluding that he did not qualify as an armed career criminal. *See id.* at 796–800. Finally, we remanded the case for resentencing.

On remand the sentencing judge determined that even without the armed-career-criminal designation, Ellis remained in criminal-history category VI. Accordingly, his advisory guidelines range was still 360 months to life. After hearing arguments from both sides, the judge again imposed a total sentence of 480 months. Ellis appealed.

In this second appeal, Ellis challenges only the substantive reasonableness of his sentence, which we review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Hill*, 645 F.3d 900, 911 (7th Cir.2011). Ellis's sentence falls within a properly calculated guidelines range, so it is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Kilgore*, 591 F.3d 890, 895 (7th Cir.2010).

Ellis's appeal essentially asks us to substitute our judgment for that of the sentencing judge. The judge acknowledged Ellis's arguments for a lower sentence—which he repeats in his appellate brief—but concluded that a 40–year sentence was appropriate. Among other things, the judge emphasized Ellis's extensive criminal history, which involved multiple violent crimes. As a result, the judge found that Ellis presented a heightened need for punishment and deterrence. Ellis has not rebutted the presumption that this within-guidelines sentence is reasonable; the judge did not abuse his discretion.

AFFIRMED.